```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

NAUTILUS INSURANCE COMPANY,   }
a corporation,                }
                              }
    Plaintiff,                }   CIVIL ACTION NO.
                              }
    vs.                       }   CV 96-AR-1170-S
                              }
C.C. SHEPPARD ENTERPRISES,    }
INC., a corporation,          }
                              }
    Defendant.                }

FILED 97 JAN 30 PM 4:05 U.S. DIST... COURT N.D. OF ALABAMA

ENTERED JAN 30 1997

### MEMORANDUM OPINION

The court has before it a motion for summary judgment filed by plaintiff, Nautilus Insurance Company ("Nautilus"), in the above-entitled declaratory judgment action. Nautilus wants this court to tell it what, if any, obligations it has to defend and indemnify defendant[1] C.C. Sheppard Enterprises, Inc. (formerly known as Automatic Detection Systems, Inc., hereinafter "ADS"),[2] in a pending state court action, namely, *Long v. ADS*, CV-94-04319 (Cir. Ct. of Jefferson County, Ala.). Likewise, ADS seeks, in its counterclaim, a declaration of rights between it and Nautilus

---

[1] The other defendant in this declaratory judgment action, David W. Long, was dismissed by order of this court dated June 28, 1996. Accordingly, ADS is the only remaining defendant.

[2] Sheppard Corporation purchased the assets of ADS, and therefore, it is Sheppard that now claims coverage under the policy. The policy was initially issued to ADS. Throughout this opinion the defendant will be referred to as ADS.

1



concerning the obligations of Nautilus to provide defense and indemnity to ADS in the *Long* action.[3] Because no genuine issues of material fact exist, this court determines that summary disposition under Rule 56 is appropriate, so that, as the *Long* action is presently postured Nautilus has no duty to defend and/or indemnify.

## I. Pertinent Undisputed Facts

Nautilus is an insurance company organized under the laws of Arizona and qualified to do business in Jefferson County, Alabama. Nautilus issued ADS a Comprehensive General Liability Insurance policy for the period of September 21, 1989 to September 21, 1990.[4] ADS did not renew the certificate of insurance.

The insurance policy consists of the following pertinent language:

---

[3] This court is somewhat perplexed by ADS' conflicting arguments. ADS argues that the court cannot, at this time, determine whether Nautilus owes ADS a duty of indemnification. (ADS' Summary Judgment Brief at 15). However, ADS' counterclaim "seeks a declaration of rights between it and Nautilus concerning the obligations of Nautilus to provide . . . indemnity to [ADS]." (ADS' Counterclaim at 3). This counterclaim has not been dismissed by this court nor has ADS filed a motion to dismiss its counterclaim. Thus, it appears that ADS wants to have its cake and eat it too. Perhaps the court is being presumptuous but to this court's limited knowledge there is no way an entity can eat its cake and then still have it around.

[4] Even though Nautilus states on at least three occasions that the insurance provided to ADS covers a period from 9/21/89 to 9/21/92, this court will presume that the insurance policy only covered a period from 9/21/89 until 9/21/90, because it is obvious from the evidence and the briefs submitted by both parties that the coverage expired on 9/21/90. (Nautilus' Compl. at 3; Nautilus' Motion for Summary Judgment at 3; Nautilus' Brief in Support of Motion for Summary Judgment at 3).

2

1.   I.   Coverage A. -- BODILY INJURY LIABILITY

      Coverage B. -- PROPERTY DAMAGE LIABILITY

    The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

    A.   bodily injury or
    B.   property damage

    to which this insurance applies, caused by an occurrence, and the company shall have the right and the duty to defend any suit against insureds seeking damages on account of such bodily injury or propery damage, even if all the allegations and the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suits as it deems expedient, but the company shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

***

2.   Definitions

    When used in this policy (including endorsments forming a part hereof):

***

    "bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

***

    "occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected not intended from the standpoint of the insured;

***

    "property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period;

***

3.   Error or Ommission Endorsement

    In consideration of the premium charged, it is agreed that the insurance for Bodily Injury, Personal Injury, and Property Damage shall apply to an error or ommission of the Named Insured, its

3

>   employees or agents while acting solely on behalf of the named insured, arising out of the operations of the Named Insured.

4.  Additional Exclusions Endorsement

***

>   Punitive or Exemplary Damage Exclusion
>
>>  It is agreed that this policy does not apply to a claims of or indemnification for punitive or exemplary damages. If a suit shall have been brought against the Insured(s) for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive damages, then the Company will afford a defense to such action. The Company shall not have an obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

On or about June 13, 1994, David W. Long ("Long") and his wife, Phoebe Long, filed a class action complaint against ADS in Alabama state court. Mrs. Long was dismissed by order of the state court on February 2, 1995, leaving Mr. Long as the only proper plaintiff in the state court action. Long filed an amendment to the complaint on January 30, 1995.

In the state court complaint, Long claims damages for "Fraud," "Money had and Received," "Unjust Enrichment," and "Fraudulent Suppression" against ADS for the wrongful charge and collection of monies from Long in connection with the sale and installation of a fire detection and security system from ADS to Long. Long also alleges a violation of the Racketeering Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1961 ("RICO"). Additionally, Long seeks an injunction prohibiting ADS from continuing to misrepresent "Use Taxes" and

"Telephone Company Charges" to customers and mandating that ADS return to him any and all monies fraudulenty obtained through misrepresentation of a "Use Tax" and "Telephone Company Charges." The amendment to the complaint adds that the suppression of the fact of excess charges deprived the class memebers the opportunity to accurately compare the cost of competing security systems.

After Nautilus was served, it notified ADS that it would provide ADS a defense for the *Long* action but that the defense was under a reservation of rights, ostensibly including "the right to withdraw the defense" in the event of a successful declaratory judgment action by Nautilus. Subsequently, Nautlis filed this declaratory judgment action to determine its rights and obligations with regard to the *Long* state court action.

## II. Analysis

### A. *Rule 56*

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is

5

entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994). Nautilus has invoked Rule 56.

### B. Duty to Defend

The question before this court is whether Nautilus has a duty to defend ADS and therefore, possibly an obligation of indemnification. An insurance company's duty to defend is broader than its duty to indemnify. *See USF&G v. Armstrong*, 479 So. 2d 1164 (Ala. 1985). An insurance company's duty to defend its insured is determined by the language in the insurance policy and the allegations of the complaint giving rise to the action against the insured. See *Ajdarodini v. State Auto Mutual Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993)(citations omitted). Thus, this court should look to the allegations in the complaint and to the language of the insurance policy in order to ascertain Nautilus' duty to defend. *See American States Ins. Co.. v. Cooper*, 518 So. 2d 708, 709 (Ala. 1987). In determining Nautilus' duty to defend, the insurance contract should be construed liberally in favor of ADS and strictly against Nautilus. *See Tyler v. Insurance Co. of North America*, 331 So. 2d 641 (Ala. 1976). Furthermore, the exclusions that are contained within the insurance policy are to be interpreted as narrowly as possible so as to provide maximum coverage for ADS.

See *Alliance Ins. Co. v. Reynolds*, 494 So. 2d 609 (Ala. 1986).

The *Long* state law complaint asserts claims for "Fraud," "Money Had and Received," "Unjust Enrichment" and "Fraudulent Suppression." Long argues that ADS made fraudulent misrepresentations to a class of claimants for security/fire detection systems when it charged the class a "Use Tax" and/or a "Telephone Company Charge." With respect to the "Use Tax," Long alleges that even though "ADS is not obligated to collect from its customers or pay any sales tax to the State of Alabama or any local or other taxing authorities in connection with the sales of security or fire alarm systems," it nevertheless "routinely charges and collects from its customers 4% for 'Use Tax.'" With regard to the "Telephone Company Charges," Long asserts that while ADS is not required to pay the telephone company any fee for the installation of a fire/security system, it routinely charged claimants such a fee, which actually went to ADS as an additional payment for installing the system. Further, the *Long* complaint states that ADS is holding the money and has been unjustly enriched. Finally, the *Long* complaint alleges that the class was deprived of the opportunity to "compare the cost of such security system to competing security systems."

This court now turns to scrutinize the language in the insurance policy to ascertain whether the allegations alleged in

7

the *Long* complaint are covered. Because ADS does not assert that bodily injury or personal injury are alleged in the state court complaint, this court will limit its discussion of damages to property damage.[5] According to the policy terms

> **property damage** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

In the instant action there is no allegation of physical injury to tangible property. Thus, the relevant inquiry before the court is whether Long alleges the loss of use of tangible property not physically injured.

"[T]angible property (like real estate) is property that is capable of being handled, touched, or physically possessed. Purely economic losses are not included in this definition." *American States Insurance Co. v. Martin*, 662 So. 2d 245, 248 (Ala. 1995)(citing cases). The Long class seeks recovery for the amount they were overcharged by ADS when purchasing and/or renting security systems. In addition, the class seeks damages because the members of the class were deprived of the opportunity to accurately compare the costs of competing security systems.

---

[5] It is not completely apparent to this court whether advertising injury would likewise be covered by the policy. However, because the Long complaint does not allege advertising injury, this court will not endeavor to determine if the policy extends to such an injury.

Clearly, the claim for excess charges is purely an economic loss falling squarely within the category of intangible property and therefore, not covered by the policy. Likewise, this court determines that the claim for the loss of opportunity "to compare" is a purely economic loss and not property damage. In fact, nowhere in the complaint does Long seek recovery for damages to "tangible property."

ADS rests its argument that Long's alleged loss was a loss of use of "tangible property" upon the case of *Perkins v. Hartford Ins. Group*, 932 F.2d 1392 (11th Cir. 1991). *See Martin*, 662 So. 2d at 248. However, the instant action is inapposite to *Perkins*. In *Perkins*, the owner of a printing company allegedly negligently allowed extra copies of a limited edition print to be distributed without the artist's authorization, thereby possibly causing a diminution of value of the original signed prints. *See Perkins*, 932 F.2d at 1396. ADS attempts to argue that because the class in *Long* was overcharged for their security systems that they received systems of diminished value, like the artist in *Perkins*. This is simply not the case. Furthermore, this court is bound to follow the Alabama Supreme Court which held that "[t]o the extent that *Perkins* suggests that strictly economic losses could be losses to tangible property, we decline to follow it." *Martin*, 662 So. 2d at 249.

9

First, the value of the security system has not changed because ADS allegedly overcharged Long. The systems in question were not physically damaged in any way that would lower the value of the system. Unlike the unique limited edition signed prints, whose value was directly tied to the number of prints in circulation, a security system is a relatively fungible item. The security system's value did not diminish because Long allegedly paid more for it than it was worth. Simply put, the value of the system is the same as it has always been.

Second, the state law complaint does not allege a diminution in value, but instead, alleges the "loss of opportunity to accurately compare the cost of [the ADS] security system to competing systems." What the Long complaint alleges is, in simple terms, that the class bargained for security systems that were worth more than the ones they actually received. Such damage is the economic loss to the class of the benefit of their bargain and "[s]trictly economic losses like lost profits [and] loss of an anticipated benefit of a bargain . . . do not constitute damage or injury to 'tangible' property." *Martin*, 662 So. 2d at 249. Accordingly, this court determines that the Long class did not allege damages that were covered under the relevant Nautilus policy and therefore, Nautilus' rule 56 motion is due to be granted.

Because the Long class does not allege a personal injury, a bodily injury, and/or property damage covered by the Nautilus policy, this court need not probe into whether there was an occurrence giving rise to such damages.

### III. Conclusion

The evidence and arguments submitted by the parties do not establish that any genuine issue of material fact exists with regard to Nautilus' claims. Because no genuine issue of material fact exists and because this court determines that Nautilus is entitled to a judgment as a matter of law, Nautilus' Rule 56 motion is due to be granted. A determination cannot be reached with regard to indemnification for possible theories of liability that Long might assert in the future against ADS and are therefore, not presently before this court. *See Tapscott v. Allstate Ins. Co.*, 562 So. 2d 570, 575 (Ala. 1988)(holding that courts can rule on questions of a duty to indemnify and/or defend insureds as to claims presently asserted against the insured). Accordingly, Nautilus has no duty to defend and/or indemnify ADS for claims in the *Long* action as presently postured. A separate and appropriate order will be so entered.

DONE this 30th day of January, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT